## EXHIBIT G

### Form of Earnest Money Escrow Agreement



### ESCROW AGREEMENT

THIS ESCROW AGREEMENT (this "Agreement"), dated August 9, 2019, is made and entered into, by and among **EMERALD GRANDE, LLC**, a Georgia limited liability company ("Seller"), **KM HOTELS, LLC**, a Virginia limited liability company ("Purchaser"), and **SAFE HARBOR TITLE COMPANY, LLC**, a Virginia limited liability company (the "Escrow Agent").

Whereas the parties to this Agreement desire to have Escrow Agent act as "Escrow Agent" pursuant to, and as defined in, that certain Purchase and Sale Agreement between Seller and Purchaser dated August 9, 2019 (the "Purchase Agreement") and, in connection therewith, to hold in escrow the "Deposit" as defined in the Purchase Agreement (the Deposit, together with any other funds being held by Escrow Agent pursuant to this Agreement, are referred to herein as the "Escrow Funds").

NOW, THEREFORE, in consideration of the mutual covenants set forth in this Agreement and the Purchase Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereby agree as follows:

1. GENERAL PROVISIONS.
It is understood and agreed by the parties to this Agreement as follows:

a) The Escrow Funds shall be paid and delivered in accordance with the written instructions jointly executed by the parties to this Agreement.
b) The Escrow Agent is not a trustee for any party for any purpose, and is merely acting as a depository and in a ministerial capacity hereunder with the limited duties herein prescribed.
c) The Escrow Agent has no responsibility in respect of any instructions, certificate or notice delivered to it, other than to carry out the obligations undertaken in this Agreement and to follow the directions in such instructions or notice provided in accordance with the terms hereof.
d) The Escrow Agent shall not be liable for any action taken or omitted by it in good faith and may rely upon, and act in accordance with, the advice of its counsel without liability on its part for any action taken or omitted in accordance with such advice.
e) The Escrow Agent may conclusively rely upon and act in accordance with any certificate, instructions, notice, letter, telegram, or other written instrument believed to be genuine and to have been signed or communicated by the proper party or parties.
f) The Escrow Agent shall not be required to defend any legal proceeding which may be instituted against it in respect of the subject matter of this Agreement unless requested to do so by the parties to this Agreement and after being indemnified to the Escrow Agent's

EXHIBIT B

satisfaction against the cost and expense of such defense. If any such legal proceeding is instituted against it, the Escrow Agent agrees promptly to give notice of such proceeding to the parties to this Agreement. The Escrow Agent shall not be required to institute legal proceedings of any kind.

g) The Escrow Agent may resign by giving written notice of its resignation to the parties to this Agreement. Upon resignation, the Escrow Agent's sole responsibility shall be to deliver the Escrow Funds to the successor escrow agent who shall be promptly appointed in writing by the parties to this Agreement and which successor will issue to Escrow Agent its receipt for the Escrow Funds so delivered. The Escrow Agent shall have the right to petition any court of competent jurisdiction for the appointment of a successor escrow agent.

2. INDEMNIFICATION. The parties to this agreement shall indemnify, save, defend, keep and hold harmless the Escrow Agent from any and all loss, damage, cost, charge, liability, cost of litigation, or other expense, including attorney's fees and court costs, arising out of its obligations and duties, including but not limited to (i) disputes arising or concerning amounts of money to be paid, (ii) funds available for such payments, (iii) persons to whom payments should be made or (iv) any delay in the electronic wire transfer of funds, as Escrow Agent, unless Escrow Agent's actions constitute gross negligence or willful misconduct.

3. LIABILITY. The parties to this Agreement shall be jointly and severally liable to Escrow Agent for payment of its reasonable expenses in carrying out the duties set forth herein. In no event shall the Escrow Agent be required to expend its own funds for any out of pocket costs, but may give notice of such cost, without being required to do so, to the parties to this Agreement and decline to proceed unless and until such costs have been paid or advanced.

4. NOTICES. Each notice, instruction or other certificate required or permitted by the terms hereof shall be in writing and shall be communicated by personal delivery, facsimile, registered or certified mail, return receipt requested, or overnight delivery to the parties hereto at the addresses shown below, or at such other address as any of them may designate by notice to each of the others:

> If to Escrow Agent:
> Safe Harbor Title Company
> ATTN: Melissa M. Canavos
> 4900 Augusta Ave., Ste., 150
> Richmond, VA 23230
>
> If to Seller:
> Emerald Grande, LLC
> Attn: William Abruzzino
> P.O. Box 190
> Bonita Springs, FL 34133-0190

**EXHIBIT B**

With a copy to:
Kay Casto & Chaney, PLLC
Attn: Steven L. Thomas
P.O. Box 2013
Charleston, WV 25327-2013
E-mail: sthomas@kaycasto.com

If to Purchaser:
KM Hotels, LLC
Attn: Mayur Patel
6627 W. Broad Street, Suite 300
Richmond, Virginia 23230
E-Mail: mayur.patel@kmhotels.com

With a copy to:
Spotts Fain PC
Attn: S. Spencer Katona
411 E. Franklin Street, Suite 600
Richmond, Virginia 23219
E-Mail: skatona@spottsfain.com

5. MISCELLANEOUS. Paragraph headings are for convenience of reference only and shall in no way affect the interpretation of this Agreement. The words "herein," "hereof," "hereto," "hereunder," and others of similar import refer to this Agreement as a whole and not to any particular paragraph, subparagraph, or clause contained in this Agreement. A determination that any provision of this Agreement is unenforceable shall not affect the enforceability of any other specific provision or of this Agreement generally. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors, assigns, heirs, personal representatives, executors, and administrators, as may be applicable. The laws of the Commonwealth of Virginia shall apply to and govern the provisions of this Agreement and the rights, remedies, and obligations of the parties hereto. The following rules shall apply to the construction of this Agreement: (i) singular words shall connote the plural as well as the singular, and vice versa, and the neuter shall connote the masculine and the feminine, and vice versa, as may be appropriate; and (ii) all references herein to particular paragraphs or exhibits are references to paragraphs or exhibits of this Agreement. This Agreement constitutes the entire agreement of the parties with respect to the subject matter hereof and supersedes all prior proposals, negotiations, agreements, and understandings among the parties hereto relating to such subject matter. Any provision herein may be waived or modified only by an agreement in writing signed by the parties hereto.

6. COUNTERPARTS. This Agreement may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed and delivered shall be deemed to be an original and all of which when taken together shall constitute but one and the same instrument.

[*Signatures on Following Page(s)*]

EXHIBIT B

*[Signature Page to Escrow Agreement]*

**ESCROW AGENT:**

SAFE HARBOR TITLE COMPANY, LLC, a Virginia limited liability company

By: _____
Name: _____
Title: _____


**SELLER:**

EMERALD GRANDE, LLC, a Georgia limited liability company

By: *Robert Abruzzino*
Name: Robert Abruzzino
Title: C.O.O.


**PURCHASER:**

KM HOTELS, LLC, a Virginia limited liability company

By: _____
Name: Mayur Patel
Title: Managing Member

EXHIBIT B