## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

In re:

**EMERALD GRANDE, LLC**                          Case No. 1:17-bk-00021

       **Debtor.**                                **Chapter 11**

_____

**EMERALD GRANDE, LLC**                          Adv. Pro. No. 1:20-ap-00028

       **Plaintiff,**

v.

**KM HOTELS, LLC,**

And

**SAFE HARBOR TITLE COMPANY, LLC,**

       **Defendants.**

### KM HOTELS, LLC's ANSWER TO FIRST AMENDED COMPLAINT

    Defendant KM Hotels, LLC ("Defendant"), by counsel, state as follows for its Answer to the First Amended Complaint (the "Complaint") filed by Plaintiff Emerald Grande, LLC ("Emerald" or "Plaintiff"):

### NATURE OF THE ACTION

    1.    Defendant admits that this is an adversary proceeding.  All other allegations in paragraphs 1(a) – (c) of the Complaint are denied.

    2.    Defendant admits that Exhibit A is an incomplete copy of the  PSA that is missing its exhibits and schedules.  Defendant admits that Exhibit B is a copy of a document entitled Form of Earnest Money Escrow Agreement signed only by Plaintiff.  Defendant denies any remaining allegations in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.      Paragraph 3 of the Complaint states a legal conclusion that does not require a response from Defendant.   To the extent that a response is required, Defendant denies the allegations in paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint states a legal conclusion that does not require a response from Defendant.   To the extent that a response is required, Defendant denies the allegations in paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint states a legal conclusion that does not require a response from Defendant.   To the extent that a response is required, Defendant denies the allegations in paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint states a legal conclusion that does not require a response from Defendant.   To the extent that a response is required, Defendant denies the allegations in paragraph 6 of the Complaint.

7.      Paragraph 7 of the Complaint states a legal conclusion that does not require a response from Defendant.  To the extent that a response is required, Defendant admits that Plaintiff consents to the entry of a final order or judgment by the Court.

## PARTIES

8.      Defendant admits the allegations in paragraph 8 of the Complaint.

9.      Defendant admits the allegations in paragraph 9 of the Complaint.

10.      Defendant admits the allegations in paragraph 10 of the Complaint.

## FACTUAL ALLEGATIONS

### I.  THE PROPERTIES.

11.     Defendant admits that the Crossings Mall is in or near Elkview, West Virginia, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint and therefore denies those allegations.

12.     Defendant states that the land records of the County Clerk of Kanawha County, West Virginia speak for themselves and denies any allegation in paragraph 12 of the Complaint inconsistent with those records, and denies any remaining allegations in paragraph 12 of the Complaint.

13.     Defendant states that the land records of the County Clerk of Kanawha County, West Virginia speak for themselves and denies any allegation in paragraph 13 of the Complaint inconsistent with those records, and denies any remaining allegations in paragraph 13 of the Complaint.

14.     Defendant states that the land records of the County Clerk of Kanawha County, West Virginia speak for themselves.  Defendant states that Exhibit C appears to be a cover letter from Roger J. Morgan to Plaza Management, Inc. enclosing a copy of a deed dated the 10th day of September, 1999 conveying certain property to Plaza Management, L.L.C. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and therefore denies those allegations.

15.     Paragraph 15 of the Complaint states a legal conclusion that does not require a response from Defendant.  To the extent that a response is required, Defendant states that the land records of the County Clerk of Kanawha County, West Virginia speak for themselves.  Defendant denies any remaining allegations in paragraph 15 of the Complaint.

16.     Paragraph 16 of the Complaint states a legal conclusion that does not require a response from Defendant.  To the extent that a response is required, Defendant states that the land records of the County Clerk of Kanawha County, West Virginia speak for themselves.  Defendant denies any remaining allegations in paragraph 16 of the Complaint.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and therefore denies those allegations.

18.     Defendant states that the land records of the County Clerk of Kanawha County, West Virginia speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and therefore denies those allegations.

19.     Defendant states that the land records of the County Clerk of Kanawha County, West Virginia speak for themselves.  The allegations in paragraph 19 of the Complaint state legal conclusions that do not require a response by Defendant, but to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and therefore denies those allegations.

20.     Defendant states that the land records of the County Clerk of Kanawha County, West Virginia speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 20 of the Complaint and therefore denies those allegations.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and therefore denies those allegations.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, which allegations are contradicted by subsequent allegations

4

made in the Complaint, and Defendant therefore denies the allegations in paragraph 22 of the Complaint.

## II.    ENCROACHMENTS ON CROSSINGS MALL PARCEL.

23.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and therefore denies those allegations.

24.    Defendant states that the land records of the County Clerk of Kanawha County, West Virginia speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 24 of the Complaint and therefore denies those allegations.

25.    Defendant states that the land records of the County Clerk of Kanawha County, West Virginia speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 25 of the Complaint and therefore denies those allegations.

26.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint and therefore denies those allegations.

27.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and therefore denies those allegations.

28.    Defendant states that the Tara Survey attached to the Complaint speaks for itself and denies any allegations or legal conclusions as to what the Tara Survey shows that are inconsistent with the Tara Survey, and denies any remaining allegations in paragraph 28 of the Complaint.

29.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint and therefore denies those allegations.

30.     Defendant states that the land records of the County Clerk of Kanawha County, West Virginia speak for themselves.  Defendant denies any allegations or legal conclusions inconsistent with the Tara Trust Deed.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 30 of the Complaint and therefore denies those allegations.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and therefore denies those allegations.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and therefore denies those allegations.

33.     Defendant states that the land records of the County Clerk of Kanawha County, West Virginia speak for themselves.  Defendant denies any allegations or legal conclusions inconsistent with the Assignment of Deed of Trust and Security Agreement.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 33 of the Complaint and therefore denies those allegations.

34.     The allegations in paragraph 34 of the Complaint state legal conclusions that do not require a response by Defendant, but to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint and therefore denies those allegations.

35.     Defendant states that the land records of the County Clerk of Kanawha County, West Virginia speak for themselves.  The allegations in paragraph 35 of the Complaint state legal conclusions that do not require a response by Defendant, but to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint and therefore denies those allegations.

### III.    DESTRUCTION OF THE CULVERT BRIDGE.

36.    Defendant admits that the Crossings Mall and the Hotel are adjacent to one another. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the only the Crossings Mall has direct access to County Route 45, and therefore denies those allegations, and denies any remaining allegations in paragraph 36 of the Complaint.

37.    Defendant admits that paragraph 37 is a simplified illustration, but denies any remaining allegations and denies that the simplified illustration is determinative or conclusive of any facts.

38.    The allegations in paragraph 38 of the Complaint state legal conclusions that do not require a response by Defendant, but to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint and therefore denies those allegations.

39.    Defendant admits the allegations in paragraph 39 of the Complaint.

40.    Defendant admits the allegations in paragraph 40 of the Complaint.

41.    Defendant admits that the mall and the hotel closed at some point after the destruction of the Culvert Bridge but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 41 of the Complaint and therefore denies those allegations.

42.    Defendant admits that the referenced bankruptcy petitions were filed but denies all remaining allegations in paragraph 42 of the Complaint.

43.    The allegations in paragraph 43 of the Complaint state legal conclusions that do not require a response by Defendant, but to the extent a response is required, Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint and therefore denies those allegations.

## IV.                PSA – NEGOTIATION & TERMS.

44.     Defendant admits that Plaintiff offered the Hotel for sale, but Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 of the Complaint and therefore denies those allegations.

45.     Defendant admits that a real estate broker acted on behalf of Plaintiff at times, and that KM Hotels, LLC made an offer to purchase the Hotel.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 of the Complaint and therefore denies those allegations.

46.     Defendant admits that Plaintiff moved forward with KM Hotel, LLC's offer to purchase the Hotel.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 of the Complaint and therefore denies those allegations.

47.     Defendant admits the allegations in paragraph 47 of the Complaint.

48.     Defendant states that the PSA speaks for itself as to its terms and therefore denies any allegations inconsistent with the terms thereof.  Defendant admits that the purchase price was $3,600,000.00 and that an earnest money deposit was required, and that there were conditions to KM Hotels, LLC's obligation to close, but denies any remaining obligations in paragraph 48 of the Complaint.

**A.      Earnest money deposit.**

49.      Defendant admits that KM Hotels, LLC was required to deposit the earnest money with Safe Harbor pursuant to the PSA, but denies all remaining allegations in paragraph 49 of the Complaint.

50.      Defendant admits the allegations in paragraph 50 of the Complaint.

51.      Defendant states that the terms of the PSA speak for themselves.  Defendant admits that KM Hotels, LLC was entitled to a return or refund of the deposit under certain conditions under the PSA.  Defendant denies that the quoted sections of the PSA are the only relevant parts of the PSA and denies any remaining allegations in paragraph 51 of the Complaint.

52.      Defendant states that the terms of the PSA speak for themselves.  Defendant admits that KM was entitled to a return or refund of the deposit under certain conditions under the PSA. Defendant denies any remaining allegations in paragraph 52 of the Complaint.

53.      Defendant states that the terms of the unsigned Escrow Agreement speak for themselves.  The remaining allegations purporting regarding the validity and interpretation of the Escrow Agreement are legal conclusions that do not require a response by Defendant, but to the extent a response is required Defendant denies any remaining allegations in paragraph 53 of the Complaint.

**B.      Conditions to close.**

54.      Defendant states that the terms of the PSA speak for themselves.  Defendant admits that KM Hotels, LLC's obligation to close was subject to the waiver or satisfaction of certain conditions specified in the PSA.  Defendant denies any remaining allegations in paragraph 54 of the Complaint.

55.     Defendant states that the terms of the PSA speak for themselves.  Defendant admits that paragraph 55 of the Complaint paraphrases and partially identifies some of the conditions to KM Hotels, LLC's obligation to close.  Defendant denies any remaining allegations in paragraph 55 of the Complaint.

56.     Defendant state that the terms of the PSA speak for themselves. Defendant admits that paragraph 56 of the Complaint paraphrases and partially identifies provisions of the PSA under which KM Hotels, LLC was entitled to lodge title objections and Plaintiff was entitled to attempt to cure title defects.  Defendant denies any remaining allegations in paragraph 56 of the Complaint.

## V.     DILIGENCE PERIOD & OBJECTIONS.

57.     Defendant admits that KM Hotels, LLC undertook diligence efforts after execution of the PSA and that it delivered the KM Letter to Plaintiff, which letter speaks for itself.  Defendant denies that Exhibit G is a complete copy of the KM Letter because the enclosure is not included with Exhibit G. Defendant denies any remaining allegations in paragraph 57 of the Complaint.

58.     Defendant admits that it sent the KM Letter and the Title Commitment to Plaintiff, and state that the terms of the KM Letter and the Title Commitment speak for themselves and denies any remaining allegations in paragraph 58 of the Complaint.

59.     Defendant admits the allegations in paragraph 59 of the Complaint.

60.     Defendant admits that KM Hotels had a survey conducted in or around September 2019, and that Exhibit H is a one version of a plat of such survey.  Defendant denies any remaining allegations in paragraph 60 of the Complaint.

61.     Defendant states that the Tara Survey and the KM Survey speak for themselves and denies any allegations or characterizations inconsistent with the surveys.  Defendant denies that access is an Encroachment as defined by the Complaint, and denies that access is shown on the

surveys.  Defendant admits that the two surveys show many of the same encroachments including those described in 61(a-c).  Defendant denies any remaining allegations in paragraph 61 of the Complaint.

62.     Defendant admits that KM Hotels, LLC raised title objections based on encroachments and the KM Survey, but denies any remaining allegations in paragraph 62 of the Complaint.

63.     Defendant admits that Plaintiff communicated with KM Hotels, LLC regarding the title objections and state that such communications speak for themselves.  Defendant admits that conversations between the parties, through their counsel occurred.  Defendant admits that Plaintiff cured some but not all title objections.  Defendant denies any remaining allegations in paragraph 63 of the Complaint.

64.     Defendant denies the allegations in paragraph 64 of the Complaint.

## VI.     ATTEMPTED RESOLUTION OF THE REMAINING TITLE OBJECTIONS.

65.     Defendant states that the written communications made by Plaintiff speak for themselves and denies that Plaintiff stated its position precisely as set forth in paragraph 65(a)-(b), and denies any remaining allegations in paragraph 65 of the Complaint.

66.     Defendant states that the written communications made by Plaintiff speak for themselves and denies that Plaintiff posited or suggested its position precisely as set forth in paragraph 66 of the Complaint, and denies any remaining allegations in paragraph 66 of the Complaint.

67.     Defendant admits that Plaintiff requested that Tara grant easements to Plaintiff, but Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint and therefore denies those allegations.

68.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint and therefore denies those allegations.

69.     Defendant admits that Tara filed a motion in the Tara Bankruptcy Case and state that the record in the Tara Bankruptcy Case speaks for itself.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 69 of the Complaint and therefore denies those allegations.

70.     Defendant admits that COMM 2013 filed an objection to the Tara Motion and states that the record in the Tara Bankruptcy Case speaks for itself.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 70 of the Complaint and therefore denies those allegations.

71.     Defendant admits the allegations in paragraph 71 of the Complaint.

72.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint and therefore denies those allegations.

73.     Defendant states that the transcript or recording of the hearing speaks for itself and denies allegations inconsistent therewith.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 73 of the Complaint and therefore denies any remaining allegations.

74.     Defendant states that the Easement Order speaks for itself and denies allegations inconsistent therewith.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 74 of the Complaint and therefore denies any remaining allegations.

75.     Defendant states that the Easement Order speaks for itself and denies allegations inconsistent therewith.  Defendant lacks knowledge or information sufficient to form a belief as to

the truth of any remaining allegations in paragraph 75 of the Complaint and therefore denies any remaining allegations.

76.     Defendant states that the record regarding COMM 2013's actions or lacks thereof in the litigation speaks for itself and denies any allegations inconsistent therewith.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 76 of the Complaint and therefore denies any remaining allegations.

77.     Defendant admits the allegations in paragraph 77 of the Complaint.

78.     Defendant denies the allegations in paragraph 78 of the Complaint.

79.     Defendant admits the allegations in paragraph 79 of the Complaint.

80.     Defendant admits the allegations in paragraph 80 of the Complaint.

## VII. FAILURE TO CLOSE.

### A.     Conditional Termination.

81.     Defendant admits the allegations in paragraph 81 of the Complaint.

82.     Defendant states that the Conditional Notice speaks for itself and denies any allegations or characterizations inconsistent with the document.  Defendant admits that paragraph 82 contains an excerpted and incomplete quote of the Conditional Notice but denies any remaining allegations in paragraph 82 of the Complaint.

83.     Defendant states that the Conditional Notice speaks for itself and denies any characterizations inconsistent therewith, and Defendant denies any remaining allegations in paragraph 83 of the Complaint.

84.     Defendant admits the allegations in paragraph 84 of the Complaint.

85.     Defendant states that the First Termination Response speaks for itself and denies any allegations or characterizations inconsistent with the document.  The remaining allegations in

13

paragraph 85 of the Complaint state legal conclusions that do not require a response from Defendant, but to the extent a response is required Defendant denies any remaining allegations in paragraph 85 of the Complaint.

86.     Defendant states that the First Termination Response speaks for itself and denies any allegations or characterizations inconsistent with the document.  Defendant admits that Plaintiff expressed a willingness to amend the contract between Plaintiff and KM Hotels, LLC to extend the closing date to 45 days from February 6, 2020, but denies any remaining allegations in paragraph 86 of the Complaint.

87.     Defendant denies the allegations in paragraph 87 of the Complaint.

88.     Defendant denies the allegations in paragraph 88 of the Complaint.

**B.     Extension of Closing.**

89.     Defendant admits that KM was committed to closing the transaction if Purchaser could meet all requirements of the PSA.  Defendant denies any remaining allegations in paragraph 89 of the Complaint.

90.     Defendant admits that the closing date was extended to April 13, 2020, but denies all remaining allegations in paragraph 90 of the Complaint.

91.     Defendant admits the allegations in paragraph 91 of the Complaint.

92.     Defendant admits that KM Hotels, LLC communicated to Plaintiff that First American would only insure title that excluded the Tara Trust Deed because it was concerned that COMM 2013 could foreclose on the Tara Trust Deed and extinguish the 2020 Easements, but denies any remaining allegations in paragraph 92 of the Complaint.

93.     Defendant admits the allegations in paragraph 93 of the Complaint.

94.     Defendant admits the allegations in paragraph 94 of the Complaint.

14

95.     The allegations in paragraph 95 of the Complaint state legal conclusions that do not require a response by Defendant, but to the extent a response is required, Defendant denies the allegations in paragraph 95 of the Complaint.

96.     The  allegations in paragraph 96 of the Complaint state legal conclusions that do not require a response by Defendants, but to the extent a response is required, Defendants deny the allegations in paragraph 96 of the Complaint

**VIII.   Purported Termination & Breach.**

97.     Defendant admits the allegations in paragraph 97 of the Complaint.

**A.      Wrongful Termination of PSA.**

98.     Defendant states that the Termination Letter speaks for itself as to its complete terms, but otherwise admits the allegations in paragraph 98 of the Complaint.

99.     The allegations in paragraph 99 of the Complaint state legal conclusions that do not require a response by Defendant, but to the extent a response is required, Defendant denies the allegations in paragraph 99 of the Complaint.

100.     Defendant denies the allegations in paragraph 100 of the Complaint.

101.     Defendant denies the allegations in the first sentence of paragraph 101 of the Complaint. Defendant admits that the PSA defines the Title Company to mean Safe Harbor Title Company, LLC, which is First American's agent.  Any remaining allegations in paragraph 101 of the Complaint state legal conclusions that do not require a response by Defendant, but to the extent a response is required, Defendant denies any remaining allegations in paragraph 101 of the Complaint.

102.     Defendant denies the allegations in paragraph 102 of the Complaint.

103.     Defendant denies the allegations in paragraph 103 of the Complaint.

104.     Defendant denies the allegations in paragraph 104 of the Complaint.

105.    Defendant denies the allegations in paragraph 105 of the Complaint.

106.    Defendant admits that the Plaza Deed was recorded prior to the Tara Trust Deed. All remaining allegations in paragraph 106 of the Complaint state legal conclusions that do not require a response by Defendant, but to the extent a response is required, Defendant denies those allegations.

107.    The allegations in paragraph 107 of the Complaint state legal conclusions that do not require a response by Defendant, but to the extent a response is required, Defendant denies the allegations in paragraph 107 of the Complaint.

108.    The allegations in paragraph 108 of the Complaint state legal conclusions that do not require a response by Defendant, but to the extent a response is required, Defendant denies the allegations in paragraph 108 of the Complaint.

109.    Defendant denies the allegations in paragraph 109 of the Complaint.

**B.    Wrongful Deposit Refund.**

110.    Defendant admits that the Termination Letter terminated the PSA and instructed Safe Harbor to return the Deposit to KM Hotels, LLC.  Any remaining allegations in paragraph 110 of the Complaint are denied.

111.    Defendant admits that the Dispute Notice purports to contest KM Hotels, LLC's rights with respect to the Deposit, but Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 111 of the Complaint and therefore denies those allegations.

112.    Defendant admits the allegations in paragraph 112 of the Complaint.

113.     Defendant admits that Safe Harbor released the Deposit to KM Hotels, LLC. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 113 of the Complaint and therefore denies those allegations.

114.     Defendant admits that the transaction did not close.  Defendant denies that KM Hotels, LLC had any obligation to close, and denies any remaining allegations in paragraph 114 of the Complaint.

115.     Defendant admits that KM Hotels, LLC has not turned over the Deposit.  Defendant denies that KM Hotels, LLC had any obligation to turn over the Deposit, and denies any remaining allegations in paragraph 115 of the Complaint.

116.     Defendant denies the allegations in paragraph 116 of the Complaint.

## COUNT I

### (Breach of the PSA – Defendant KM)

117.     Defendant incorporates and restates its responses to each of the foregoing allegations.

118.     Defendant admits that the PSA was a binding contract between KM Hotels, LLC and Plaintiff, admits that KM Hotels, LLC fully performed its obligations thereunder, and denies any remaining allegations in paragraph 118 of the Complaint.

119.     Defendant states that the PSA speaks for itself as to its complete terms.  Defendant admits that pursuant to the PSA, KM Hotels, LLC agreed to purchase the Hotel for the Purchase Price subject to the terms of the PSA.  Defendant denies any remaining allegations in paragraph 119 of the Complaint.

120.     Defendant denies the allegations in paragraph 120 of the Complaint.

121.     Defendant denies the allegations in paragraph 121 of the Complaint.

122.    Defendant denies the allegations in paragraph 122 of the Complaint.

## Count II

### (Breach of the Escrow Agreement – Defendant Safe Harbor)

123.    Defendant incorporates and restates its responses to each of the foregoing allegations.

124.    The allegations in paragraph 124 are not directed at Defendant and state legal conclusions and therefore do not require a response from Defendant, but to the extent a response is required, Defendant denies the allegations in paragraph 124 of the Complaint.

125.    The allegations in paragraph 125 are not directed at Defendant and state legal conclusions and therefore do not require a response from Defendant, but to the extent a response is required, Defendant denies the allegations in paragraph 125 of the Complaint.

126.    The allegations in paragraph 126 are not directed at Defendant and state legal conclusions and therefore do not require a response from Defendant, but to the extent a response is required, Defendant denies the allegations in paragraph 126 of the Complaint.

127.    The allegations in paragraph 127 are not directed at Defendant and state legal conclusions and therefore do not require a response from Defendant, but to the extent a response is required, Defendant denies the allegations in paragraph 127 of the Complaint.

## Count III

### (Specific Performance – Defendant KM; Alternative Count)

128.    Defendant incorporates and restates its responses to each of the foregoing allegations.

129.    Defendant admits that the now terminated PSA was a valid and enforceable agreement between KM Hotels, LLC and Plaintiff.  Any remaining allegations in paragraph 129 of the Complaint are denied.

130.    Defendant denies the allegations in paragraph 130 of the Complaint.

131.    Defendant states that the PSA and section 13.3 thereof speaks for itself as to its complete terms.  Defendant denies the allegations in paragraph 131 of the Complaint.  Defendant denies that KM Hotels breached the PSA, denies Plaintiff was entitled to proceed to close under the facts, and denies any remaining allegations in paragraph 131 of the Complaint.

132.    The allegations in paragraph 132 of the Complaint state legal conclusions that do not require a response by Defendant, but to the extent a response is required, Defendant denies the allegations in paragraph 132 of the Complaint.

133.    The allegations in paragraph 133 of the Complaint state legal conclusions that do not require a response by Defendant, but to the extent a response is required, Defendant denies the allegations in paragraph 133 of the Complaint.

134.    The allegations in paragraph 134 of the Complaint state legal conclusions that do not require a response by Defendant, but to the extent a response is required, Defendant denies the allegations in paragraph 134 of the Complaint.

135.    Defendant denies that Plaintiff is entitled to the relief requested in its WHEREFORE clause or prayer for relief, and denies that Plaintiff is entitled to any relief whatsoever against Defendant.

136.    All allegations in the Complaint not expressly admitted herein are denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to mitigate its damages.

2. Plaintiff has an adequate remedy at law and is not entitled to equitable relief.

3. Plaintiff has failed to fulfill one or more conditions precedent to KM Hotels, LLC's obligation to close under the PSA, and Plaintiff therefore may not enforce the PSA.

4. Plaintiff committed the first material breach.

WHEREFORE, Defendant prays that the Complaint and all claims against it be dismissed with prejudice, and that the Court award Defendant its costs and reasonable attorney's fees incurred herein pursuant to section 16.11 of the PSA.

Date: August 28, 2020                               KM HOTELS, LLC

By: ___/s/ Carrie Goodwin Fenwick___
Carrie Goodwin Fenwick (WVSB 7164)
Goodwin & Goodwin, LLP
300 Summers Street, Suite 1500
P.O. Box 2107
Charleston, WV 25301
(304) 346-7000
cgf@goodwingoodwin.com
*Counsel for Defendant KM Hotels, LLC*

Of Counsel:
Edward E. Bagnell, Jr. (VSB No. 74647)
(admitted *pro hac vice*)
Email: ebagnell@spottsfain.com
SPOTTS FAIN, P.C.
411 E. Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone: (804) 697-2000
Facsimile: (804) 697-2100
*Counsel for Defendant KM Hotels, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of August 2020, a true and correct copy of the foregoing **KM HOTELS, LLC's ANSWER TO FIRST AMENDED COMPLAINT** was served by one or more of the following methods: (1) electronic notification through the Court's CM/ECF system, and/or (2) email and regular mail, postage prepaid, on the following counsel of record:

Steven L. Thomas, Esq.
Victoria L. Wilson, Esq.
Kay Casto & Chaney PLLC
P.O. Box 2031
Charleston, West Virginia 25327
Telephone: (304) 345-8900
Facsimile: (304) 345-89090
Email: sthomas@kaycasto.com
Email: vwilson@kaycasto.com
*Counsel for Plaintiff and Tara Retail Group, LLC*


Stephen L. Thompson, Esq.
Barth & Thompson
P. O. Box 129
Charleston, WV 25321
(304) 342-7111
Fax : 304-342-6215
Email: sthompson@barth-thompson.com
*Counsel for Safe Harbor Title Company, LLC*


/s/ Carrie Goodwin Fenwick
Carrie Goodwin Fenwick (WVSB 7164)
*Counsel for Defendant KM Hotels, LLC*

21