IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF WEST VIRGINIA

In Re:

EMERALD GRANDE, LLC,                                Case #: 1:17-BK-0021
                                                     Judge Frank W. Volk

            Debtor.


EMERALD GRANDE, LLC,

            Plaintiff,

v.                                                   Adversary Proceeding  1: 20-00028

KM HOTELS, LLC,

and

SAFE HARBOR TITLE COMPANY, LLC,

            Defendants.


**DEFENDANT, SAFE HARBOR TITLE COMPANY, LLC'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**


COMES NOW your Defendant, SAFE HARBOR TITLE COMPANY, LLC (hereinafter "Safe Harbor"), by its counsel, and for its *Answer* to Debtor/Plaintiff, EMERALD GRANDE, LLC's (hereinafter "Plaintiff" or "Plaintiff's") First Amended Complaint, states as follows:

1.      Safe Harbor admits that an Adversary Proceeding as described in Paragraph 1 of Plaintiff's First Amended Complaint has been filed by Plaintiff, but denies the facts, allegations, and the merits of the Adversary Proceeding allegations contained in Paragraphs 1 (a, b, and c) and demands strict proof thereof.

2.      Safe Harbor denies the allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint and demands strict proof thereof.  By way of a further answer and affirmative or other defense Safe Harbor asserts that it was not a party to the PSA, and further denies that the Escrow Agreement was executed and delivered by each of the Plaintiff, KM and Safe Harbor.

3.      Safe Harbor admits the allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint.

4.      Safe Harbor admits the allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint.

5.      Safe Harbor admits the allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint.

6.      Safe Harbor admits the allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint.

7.      Safe Harbor consents to this Court's entry of a final order or judgment in this matter.

8.      Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

9.      Safe Harbor admits to the allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint.

10.      Safe Harbor admits the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint.

11.      Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict

proof thereof.  Safe Harbor further states that the ALTA Commitment for Title Insurance issued by First American Title Insurance Company did not have any conveyance information prior to 2008.

12.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.  Safe Harbor further states that the ALTA Commitment for Title Insurance issued by First American Title Insurance Company did not have any conveyance information prior to 2008.

13.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.  Safe Harbor further states that the ALTA Commitment for Title Insurance issued by First American Title Insurance Company did not have any conveyance information prior to 2008.

14.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof. Safe Harbor further states that the ALTA Commitment for Title Insurance issued by First American Title Insurance Company did not have any conveyance information prior to 2008.

15.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof. Safe Harbor further states that the ALTA Commitment for Title Insurance issued by First American Title Insurance Company did not have any conveyance information prior to 2008. Safe Harbor further states that any and all documents attached speak for themselves.

16.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

17.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

18.     Safe Harbor admits to the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint.

19.     Safe Harbor admits to the allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint.

20.     Safe Harbor admits to the allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint.

21.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

22.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

23.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

24.     Safe Harbor admits the allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint.

25.     Safe Harbor admits the allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint.

26.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

27.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

28.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

29.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

30.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

31.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

32.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

33.    Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

34.    Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

35.    Safe Harbor denies the allegations contained in Paragraph 35 of Plaintiff's First Amended Complaint and demands strict proof thereof.

36.    Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 36 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

37.    Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

38.    Safe Harbor denies the allegations contained in Paragraph 38 of Plaintiff's First Amended Complaint and demands strict proof thereof.

39.    Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

40.    Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 40 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

41.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 41 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

42.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 42 (a and b) of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

43.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 43 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

44.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 44 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

45.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 45 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

46.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 46 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

47.     Safe Harbor admits the allegations contained in Paragraph 47 of Plaintiff's First Amended Complaint.

48.     Safe Harbor denies the allegations contained in Paragraph 48 of Plaintiff's First Amended Complaint as the allegations are an incomplete summary of the document referred to and

Safe Harbor demands strict proof thereof. Safe Harbor further states that any and all documents speak for themselves.

49.     Safe Harbor admits to the allegations contained in Paragraph 49 of Plaintiff's First Amended Complaint. Safe Harbor further states that they were not a signatory to the Purchase and Sale Agreement dated August 9, 2019.

50.     Safe Harbor admits the allegations contained in Paragraph 50 of Plaintiff's First Amended Complaint.

51.     Safe Harbor denies the allegations contained in Paragraph 51 of Plaintiff's First Amended Complaint as the allegations are an incomplete summary of the document referred to and Safe Harbor demands strict proof thereof. Safe Harbor further states that any and all documents speak for themselves.

52.     Safe Harbor denies the allegations contained in Paragraph 52 of Plaintiff's First Amended Complaint as the allegations are an incomplete summary of the document referred to and Safe Harbor demands strict proof thereof.  Safe Harbor further states that any and all documents speak for themselves and further denies that the Escrow Agreement was executed and delivered by each of the Plaintiff, KM and Safe Harbor.

53.     Safe Harbor denies the allegations contained in Paragraph 53 of Plaintiff's First Amended Complaint and Safe Harbor demands strict proof thereof. Safe Harbor further states that any and all documents speak for themselves and further denies that the Escrow Agreement was executed and delivered by each of the Plaintiff, KM and Safe Harbor.

54.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 54 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

55.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 55 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof. Safe Harbor further states that any and all documents speak for themselves.

56.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 56 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof. Safe Harbor further states that any and all documents speak for themselves.

57.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 57 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof. Safe Harbor further states that any and all documents speak for themselves.

58.     Safe Harbor admits the allegations contained in Paragraph 58 of Plaintiff's First Amended Complaint.

59.     Safe Harbor denies the allegations contained in Paragraph 59 of Plaintiff's First Amended Complaint as the allegations are an incomplete summary of the document referred to and Safe Harbor demands strict proof thereof. Safe Harbor further states that any and all documents speak for themselves.

60.     Safe Harbor admits the allegations contained in Paragraph 60 of Plaintiff's First Amended Complaint.

61.     Safe Harbor denies the allegations contained in Paragraph 61 (a, b, c, and d) of Plaintiff's First Amended Complaint and demands strict proof thereof.

62.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 62 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

63.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 63 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

64.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 64 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

65.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 65 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

66.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 66 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

67.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 67 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

68.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 68 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

69.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 69 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

70.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 70 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

71.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 71 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

72.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 72 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

73.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 73 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

74.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 74 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

75.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 75 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

76.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 76 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

77.    Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 77 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

78.    Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 78 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

79.    Safe Harbor admits the allegations contained in Paragraph 79 of Plaintiff's First Amended Complaint.

80.    Safe Harbor admits the allegations contained in Paragraph 80 of Plaintiff's First Amended Complaint.  Safe Harbor further states that any and all documents speak for themselves. Safe Harbor further states that the documents attached are insufficient in proving the merits of Plaintiff's case.

81.    Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 81 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

82.    Safe Harbor denies the allegations contained in Paragraph 82 of Plaintiff's First Amended Complaint as the allegations are an incomplete summary of the document referred to and Safe Harbor demands strict proof thereof.  Safe Harbor further states that any and all documents speak for themselves.

83.    Safe Harbor denies the allegations contained in Paragraph 83 of Plaintiff's First Amended Complaint and demands strict proof thereof.

84.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 84 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

85.     Safe Harbor denies the allegations contained in Paragraph 85 of Plaintiff's First Amended Complaint and demands strict proof thereof.

86.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 86 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

87.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 87 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

88.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 88 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

89.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 89 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

90.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 90 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

91.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 91 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof. Safe Harbor further states that any and all documents speak for themselves.

92.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 92 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

93.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 93 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

94.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 94 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

95.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 95 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

96.     Safe Harbor denies the allegations contained in Paragraph 96 of Plaintiff's First Amended Complaint and demands strict proof thereof.

97.     Safe Harbor admits the allegations contained in Paragraph 97 of Plaintiff's First Amended Complaint. Safe Harbor further states that any and all documents speak for themselves.

98.     Safe Harbor denies the allegations contained in Paragraph 98 of Plaintiff's First Amended Complaint as the allegations are an incomplete summary of the document referred to and Safe Harbor demands strict proof thereof.  Safe Harbor further states that any and all documents speak for themselves.

99.     Safe Harbor denies the allegations contained in Paragraph 99 of Plaintiff's First Amended Complaint and demands strict proof thereof.

100.    Safe Harbor denies the allegations contained in Paragraph 100 of Plaintiff's First Amended Complaint and demands strict proof thereof.

101.    Safe Harbor denies the allegations contained in Paragraph 101 of Plaintiff's First Amended Complaint and demands strict proof thereof.

102.    Safe Harbor denies the allegations contained in Paragraph 102 of Plaintiff's First Amended Complaint and demands strict proof thereof.

103.    Safe Harbor denies the allegations contained in Paragraph 103 of Plaintiff's First Amended Complaint and demands strict proof thereof.

104.    Safe Harbor denies the allegations contained in Paragraph 104 of Plaintiff's First Amended Complaint and demands strict proof thereof.

105.    Safe Harbor denies the allegations contained in Paragraph 105 of Plaintiff's First Amended Complaint and demands strict proof thereof.

106.    Safe Harbor denies the allegations contained in Paragraph 106 of Plaintiff's First Amended Complaint and demands strict proof thereof.

107.    Safe Harbor denies the allegations contained in Paragraph 107 of Plaintiff's First Amended Complaint and demands strict proof thereof.

108.    Safe Harbor denies the allegations contained in Paragraph 108 of Plaintiff's First Amended Complaint and demands strict proof thereof.

109.    Safe Harbor denies the allegations contained in Paragraph 109 of Plaintiff's First Amended Complaint and demands strict proof thereof.

110.    Safe Harbor admits the allegations contained in Paragraph 110 of Plaintiff's First Amended Complaint.

111.     Safe Harbor admits in part and denies in part the allegations contained in Paragraph 111 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.  Safe Harbor further states that the letter dated April 14, 2020 labeled the Dispute Notice was sent, but denies that it was sent within 24 hours as alleged and demands strict proof thereof. Safe Harbor further states that the letter dated April 14, 2020 labeled the Dispute Notice is insufficient in proving the merits of Plaintiff's case and denies the allegations made in said letter and demands strict proof thereof. Safe Harbor further states that any and all documents speak for themselves.

112.     Safe Harbor admits to the allegations contained in Paragraph 112 of Plaintiff's First Amended Complaint, specifically that a true and exact copy of the Dispute Notice was attached to Plaintiff's First Amended Complaint.  Safe Harbor further states that any and all documents speak for themselves.

113.     Safe Harbor admits in part and denies in part the allegations contained in Paragraph 113 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.  Safe Harbor further states that they did release the deposit to KM and they did not contact Plaintiff prior to the release of said deposit.  Safe Harbor further states that they were under no obligation to contact Plaintiff prior to the release of the deposit.

114.     Safe Harbor denies the allegations contained in Paragraph 114 of Plaintiff's First Amended Complaint and demands strict proof thereof.  Safe Harbor further states that based on the correspondence sent between the parties, KM was unable to close the sale transactions in the PSA due to their position stated via correspondence.

115.     Safe Harbor is without sufficient knowledge of the allegations contained in Paragraph 115 of Plaintiff's First Amended Complaint and therefore denies said allegations and demands strict proof thereof.

116.     Safe Harbor denies the allegations contained in Paragraph 116 of Plaintiff's First Amended Complaint and demands strict proof thereof.

117.     Safe Harbor repeats its responses contained in Paragraphs 1-116 of Defendant, Safe Harbor Title Company, LLC's *Answer* to Plaintiff's First Amended Complaint and incorporates said responses by reference herein, as if restated *verbatim*.

118.     Safe Harbor admits to the allegations contained in Paragraph 118 of Plaintiff's First Amended Complaint.

119.     Safe Harbor denies the allegations contained in Paragraph 119 of Plaintiff's First Amended Complaint and demands strict proof thereof.

120.     Safe Harbor denies the allegations contained in Paragraph 120 of Plaintiff's First Amended Complaint and demands strict proof thereof.

121.     Safe Harbor denies the allegations contained in Paragraph 121 of Plaintiff's First Amended Complaint and demands strict proof thereof.

122.     Safe Harbor denies the allegations contained in Paragraph 122 of Plaintiff's First Amended Complaint and demands strict proof thereof.

123.     Safe Harbor repeats its responses contained in Paragraphs 1-122 of Defendant, Safe Harbor Title Company, LLC's *Answer* to Plaintiff's First Amended Complaint and incorporates said responses by reference herein, as if restated *verbatim*.

124.     Safe Harbor denies the allegations contained in Paragraph 124 of Plaintiff's First Amended Complaint and demands strict proof thereof.  Safe Harbor further states that it was not a signatory to the Escrow Agreement and further denies that the Escrow Agreement was executed and delivered by each of the Plaintiff, KM and Safe Harbor.

125.    Safe Harbor denies the allegations contained in Paragraph 125 of Plaintiff's First Amended Complaint and demands strict proof thereof.  Safe Harbor further states that it was not a signatory to the Escrow Agreement and further denies that the Escrow Agreement was executed and delivered by each of the Plaintiff, KM and Safe Harbor.  Safe Harbor further states that any and all documents speak for themselves.

126.    Safe Harbor denies the allegations contained in Paragraph 126 of Plaintiff's First Amended Complaint, denies that it "breached" the terms of the Escrow Agreement; further denies that the Escrow Agreement was executed and delivered by each of the Plaintiff, KM and Safe Harbor, and demands strict proof of the allegations of said Paragraph 126.

127.    Safe Harbor denies the allegations contained in Paragraph 127 of Plaintiff's First Amended Complaint, denies that it "breached" the terms of the Escrow Agreement; further denies that the Escrow Agreement was executed and delivered by each of the Plaintiff, KM and Safe Harbor; further denies that Plaintiff has been armed by Safe Harbor and that Plaintiff is entitled to any recovery against Safe Harbor, and demands strict proof of the allegations of said Paragraph 127.

128.    Safe Harbor repeats its responses contained in Paragraphs 1-127 of Defendant, Safe Harbor Title Company, LLC's *Answer* to Plaintiff's First Amended Complaint and incorporates said responses by reference herein, as if restated *verbatim*.

129.    Safe Harbor denies the allegations contained in Paragraph 129 of Plaintiff's First Amended Complaint as it is not a factual allegation but a legal conclusion and therefore demands strict proof thereof.

130.    Safe Harbor denies the allegations contained in Paragraph 130 of Plaintiff's First Amended Complaint and demands strict proof thereof.

131.    Safe Harbor denies the allegations contained in Paragraph 131 of Plaintiff's First Amended Complaint and demands strict proof thereof.

132.    Safe Harbor denies the allegations contained in Paragraph 132 of Plaintiff's First Amended Complaint and demands strict proof thereof.

133.    Safe Harbor denies the allegations contained in Paragraph 133 of Plaintiff's First Amended Complaint and demands strict proof thereof.

134.    Safe Harbor denies the allegations contained in Paragraph 134 of Plaintiff's First Amended Complaint and demands strict proof thereof.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof on any matters where that burden rests on Plaintiff, this Defendant asserts the following affirmative and other defenses to the *First Amended Complaint*. Defendant lacks knowledge or information sufficient to form a belief as to whether or not it may have other, as yet unstated, defenses.  Defendant reserves the right to assert, and hereby gives notice that it may intend to rely upon, any other defense that may become available or appear during discovery or otherwise, and reserves the right to amend this answer to assert any such defense.

## FIRST DEFENSE

The *First Amended Complaint* fails to state a claim against the Defendant upon which relief can be granted.

## SECOND DEFENSE

The Defendant states that it acted in good faith and without malice or intent to injure the Plaintiff.

## THIRD DEFENSE

The Defendant states that the Plaintiff's claims are barred, in whole or in part, by the affirmative defense of the statute of frauds.

## FOURTH DEFENSE

The Defendant avers that Plaintiff's claims may be barred in whole or in part by the doctrine of laches.

## FIFTH DEFENSE

The Defendant states that it acted reasonably and prudently under the circumstances.

## SIXTH DEFENSE

The Defendant avers that Plaintiff is estopped in whole or in part, by the documents executed by and on behalf of the Plaintiff.

## EIGHTH DEFENSE

The Defendant avers that the Plaintiff's claims are contrary to the unambiguous language of the contract documents.

## NINTH DEFENSE

The Defendant avers that Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's damages, if any, were caused by its own acts or omissions, or other acts or omissions of third parties other than Defendant.

## TENTH DEFENSE

The Defendant avers that Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has failed to mitigate its damages, and to the extent that Plaintiff may be entitled to recover an award of damages, any such award of damages must be reduced by the amount Plaintiff would have recovered had it acted diligently to mitigate any loss or damage.

## ELEVENTH DEFENSE

The Defendant avers that Plaintiff's claims may be barred, in whole or in part, by the principals of collateral estoppel and judicial estoppel.

## TWELFTH DEFENSE

The Defendant avers that Plaintiff's claims are barred by the terms of the relevant contract and other documents.

## THIRTEENTH DEFENSE

The Defendant avers that Plaintiff's claims are barred by the defense or equitable bar to recovery of impossibility of performance, due to the actions of the Plaintiff or others in concert with the Plaintiff.

## FOURTEENTH DEFENSE

The Plaintiff's claims are barred by, and Defendant asserts the application of, such other affirmative defenses or equitable bars to recovery as may be disclosed during discovery and supported by the evidence.

WHEREFORE, the Defendant, SAFE HARBOR TITLE COMPANY, LLC, respectfully requests that the Court dismiss the First Amended Complaint against the Defendant, SAFE HARBOR TITLE COMPANY, LLC, with prejudice, make an award of its reasonable attorney's fees and costs incurred herein, and for such other and further relief as the court may deem just and equitable under the circumstances of the case at bar.

Respectfully submitted,
SAFE HARBOR TITLE COMPANY, LLC,
By Its Counsel

/s/ Stephen L. Thompson
Stephen L. Thompson, Esq. (WVSB #3751)
Barth & Thompson
P. O. Box 129
Charleston, West Virginia  25321
Telephone 304-342-7111
Telecopy 304-342-6215
E-mail:  sthompson@barth-thompson.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 31, 2020, I electronically filed the foregoing "Safe Harbor Title, Company, LLC's Answer to Plaintiff's First Amended Complaint" with the Clerk of the Court using the CM/ECF system, which will send an electronic copy to all parties who have registered with the Clerk of the Court for such electronic service.

<u>/s/Stephen L. Thompson</u>
Stephen L. Thompson, Esq. (WVSB #3751)
Counsel for Defendant Safe Harbor Title
  Company, LLC
Barth & Thompson
P. O. Box 129
Charleston, WV   25321
Telephone:   (304) 342-7111
Fax:   (304) 342-6215
E-mail:   sthompson@barth-thompson.com